UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| IN RE: | BCN#: 17-50589-RBC |
| MELISSA SUE GOOD | Chapter: 13 |
|     Debtor | |
| Nationstar Mortgage LLC | |
| or present noteholder, | |
|     Movant/Secured Creditor, | CONSENT ORDER |
| v. | |
| MELISSA SUE GOOD | |
|     Debtor | |
| LINDA A GOOD AND SHARON A GOOD | |
|     Codebtors | |
| and | |
| HERBERT L BESKIN(82) | |
|     Trustee | |
|     Respondents | |

Whereas, the parties are in agreement;

IT IS ORDERED that the Automatic Stay of 11 U.S.C. §362(a) is hereby terminated so as to permit the Movant to commence foreclosure proceedings in accordance with applicable state law and pursuant to the terms of the deed of trust securing the Movant as to the real property designated as 7703 Timber Ridge Road, Mount Crawford, VA 22841.

Gregory N. Britto, Esquire
VSB #23476
Malcolm B. Savage, III, Esquire
VSB #91050
William M. Savage, Esquire
VSB #26155
Thomas J. Gartner, Esquire
VSB #79340
Mary F. Balthasar Lake, Esquire
VSB #34899
Leonard C. Tengco, Esquire
VSB #76395
Shapiro & Brown, LLP
501 Independence Parkway, Suite 203
Chesapeake, Virginia 23320
(703) 449-5800
17-265381

IT IS FURTHER ORDERED that the Movant shall forbear from exercising any rights to foreclosure under applicable law as to the subject real property provided that, and so long as, the Debtor performs under the note and security instrument and complies with the following terms and conditions of this Order.

IT IS FURTHER ORDERED that the Debtor(s) shall cure post-petition arrears of $3,665.35, that includes payments from August 1, 2017 to November 1, 2017 in the amount of $748.07 each, attorney fees in the amount of $500.00, filing fees in the amount of $181.00 and less funds in debtor suspense in the amount of $7.93.

IT IS FURTHER ORDERED AND AGREED that the Debtor(s) shall place arrears of $3,665.35 into an amended plan to be filed within ten (10) days of entry of this order.  Regular monthly payments are to resume with the payment due on December 1, 2017.

IT IS FURTHER ORDERED AND AGREED that the Movant, upon receipt of the aforesaid amended plan, shall be allowed to file an amended proof of claim reflecting both the pre-petition and post-petition arrears to be paid pursuant to this consent order.

IT IS FURTHER ORDERED AND AGREED that should the Debtor fail to timely file an amended plan allowing for the pre-petition and post-petition arrears as outlined in this order, or should any proposed amended plan fail to be confirmed, or should the Debtor default for a period of thirty days in making future monthly post-petition payments, commencing with the payment due December 1, 2017, or if any payments which have been acknowledged in the calculation of the mortgage arrears in this Order, but which subsequently are determined to be non-negotiable for any reason, the Movant may file with this Court and mail to the Debtor(s), the Debtor(s)

attorney and the Chapter 13 Trustee a Notice of Default setting forth the amount and nature of the alleged default under the terms of this Order.

If the proposed plan fails to be confirmed, the Movant shall file a Notice of Request for Hearing to request that the Court issue an Order terminating the Automatic Stay of 11 U.S.C. §362(a) with respect to the Movant so as to permit the Movant to commence foreclosure proceedings in accordance with applicable state law and pursuant to the terms of the deed of trust securing the subject property.

If the Movant is not brought completely post-petition current within 10 days of mailing of the Notice of Default pursuant to this Agreed Order or if no response is filed to said notice denying the default, specifically referencing the amounts paid by the Debtor(s) since the entry of the Order by check and money order number and requesting a hearing, then upon submission of an Order granting relief from stay endorsed by the Chapter 13 Trustee, the entry which will terminate the automatic stay as to the property described below; the Movant shall be free to proceed in accordance with State Law and its deed of trust to foreclose upon its security interest with regard to the property with an address of 7703 Timber Ridge Road, Mount Crawford, VA 22841, and more particularly described in the Deed of Trust dated November 14, 2006 and recorded as Deed Instrument Number 2006-00037059, among the land records of the said city/county, as:

> All that certain lot or parcel of land, together with the improvements thereon and all rights, privileges, appurtenances, easements and rights-of-way thereunto belonging or in anywise appertaining, situate near Sunnyside Church of the Brethren in Ashby District Rockingham County, Virginia and described by metes and bounds in prior deeds as follows; Beginning at a iron pin on the south side of the Sunnyside Road Andy Miller's Corner, thence with the said road N. 36° 30' E. 14.04 poles to an iron pin in the said road, thence S. 46° 45' E. 13.6 poles to a stone at the east corner of the orchard, thence S. 42' 45' E. 31.9 poles to a stone in Samuel Null's line, thence with the Null line S. 55' 10' W. 00.5 poles to a large red oak tree, corner of Samuel Null and Andy Miller, thence with Miller's line S. 54' 8' W. 20.8 poles to

a stone, another corner of said Miller, thence continuing with the Miller line N. 33° 37' W. 40.5 poles to the place of beginning, containing 4 acres, 3 roods and 2.9 square poles.

IT IS FURTHER ORDERED AND AGREED that acceptance of partial payment by the Movant during the cure period shall not constitute a satisfaction or waiver of the notice of default; the forbearance provisions of this Order shall terminate upon the expiration of the ten day period in the absence of complete cure notwithstanding partial payment.

IT IS FURTHER ORDERED AND AGREED that the Debtor's right to cure shall be limited to two (2) such opportunities and that upon the filing of a third Notice of Default under the terms of this Order, there shall be no further opportunity to cure and the Movant may proceed to foreclose its security interest in the subject real property as described above.

IT IS ORDERED AND AGREED that should the instant case be converted for any reason to a case under any other chapter of the bankruptcy code, or dismissed or discharged, the Movant may immediately be free to exercise all rights provided by the security instrument as the forbearance provisions of this Order shall terminate upon conversion, dismissal or discharge. Relief granted under the terms of this Order shall also survive any subsequent conversion by the Debtor(s) to a case under any other chapter of the bankruptcy code.

IT IS FURTHER ORDERED AND AGREED that subsequent to any foreclosure sale of the subject property conducted by the Movant, or its successors or assigns, the Secured Creditor may take all lawful actions to take possession of the Subject Property.

IT IS FURTHER ORDERED AND AGREED that upon the entry of an Order terminating they stay as set forth above, F.R.B.P. 4001(a)(3) is not applicable in this instant case

and Nationstar Mortgage LLC may immediately enforce the provisions of the Order granting relief from stay.

IT IS FURTHER ORDERED AND AGREED that upon the entry of an Order terminating the stay as set forth above, the Trustee will be relieved from the obligation of making any further payments upon any secured claim filed by Nationstar Mortgage LLC.

IT IS FURTHER ORDERED that the Trustee will be relieved from the obligation of making any further payments; any amended unsecured claim for a deficiency (which claim must include documents proving that it has liquidated its collateral applied the proceeds of sale in accordance with applicable state law) must be filed by the Movant within 180 days from the date on which the Order is entered terminating the stay as set forth herein or such claim against the bankruptcy estate shall be forever barred.

Date:  11/27/17

By the Court:

_____
Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

Notice of Judgment or
Order Entered on Docket:_____

I ask for this:

/s/ Malcolm B. Savage, III
───────────────────────────────────────
Gregory N. Britto, Esquire
Malcolm B. Savage, III, Esquire
William M. Savage, Esquire
Mary F. Balthasar Lake, Esquire
Leonard C. Tengco, Esquire
Counsel for Movant

Seen; Agreed:

/s/ Donald M Burks with express permission
───────────────────────────────────────
Donald M Burks, Counsel for Debtor(s)

/s/ Herbert L Beskin with express permission
───────────────────────────────────────
Herbert L Beskin(82), Trustee


Copies of this order are to be sent to:

Shapiro & Brown, LLP
501 Independence Parkway, Suite 203
Chesapeake, Virginia 23320

Donald M Burks
Don Burks P.C.
30 Crossing Ln Suite 205
Lexington, VA 24450

Herbert L Beskin(82)
PO Box 2103
Charlottesville, VA 22902

Melissa Sue Good
7703 East Timber Ridge Road
Mount Crawford, VA 22841