

**SIGNED THIS 24th day of July, 2020**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

/s/ Rebecca B. Connelly
Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Harrisonburg Division

In Re:   Melissa Sue Good                                        Case No. 17-50589
                                                                 Chapter 13

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
U.S. BANK TRUST NATIONAL
ASSOCIATION AS TRUSTEE OF THE
BUNGALOW SERIES III TRUST,
Movant

vs.

Melissa Sue Good
aka Melissa Good, Debtor
Herbert L Beskin(82), Trustee
                    Respondent(s)

### CONSENT ORDER AND STIPULATION MODIFYING AUTOMATIC STAY

This matter was filed on **June 12, 2020**, on the Motion of U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE BUNGALOW SERIES III TRUST, Movant, by its attorney Abby K. Moynihan, Esq. and Nadeem Tariq, Esq., for the relief from the automatic stay with respect to the property secured by the Deed of Trust dated November 14, 2006 and recorded amount the land records of County of County of Rockingham, Virginia, and

which encumbers the property of the Debtor at 7703 Timber Ridge Rd, Mount Crawford, Virginia 22841, and more particularly described as follows:

> All that certain lot or parcel of land, together with the improvements thereon and all rights, privileges, appurtenances, easements and rights-of-way thereunto belonging or in anywise appertaining, situate near Sunnyside Church of the Brethren in Ashby District, Rockingham County, Virginia and described by metes and bounds in prior deeds as follows:
> Beginning at a iron pin on the south side of the Sunnyside Road Andy Miller's Corner, thence with the said road N. 36° 30' E. 14.04 poles to an iron pin in the said road, thence S. 46° 45' E. 13.6 poles to a stone at the east corner of the orchard, thence S. 42° 45' E. 31.9 poles to a stone in Samuel Null's line, thence with the Null line S. 55° 10' W. 00.5 poles to a large red oak tree, corner of Samuel Null and Andy Miller, thence with Miller's line S. 54° 8' W. 20.8 poles to a stone, another corner of said Miller, thence continuing with the Miller line N. 33° 37' W. 40.5 poles to the place of beginning, containing 4 acres, 3 roods and 2.9 square poles.
>
> AND BEING the same property conveyed to Linda A. Good and Sharon A. Good from Loyd T. Pirkey and Minerva V. Pirkey, by Deed of Gift dated January 28, 1992, and recorded on January 28, 1992, in Book 1105, Page 357.

Upon consideration of which, it is

**ORDERED**

1. The Debtor will resume making regular monthly installment payments in the amount of $736.14 as they become due commencing on July 1, 2020.

2. The Debtor shall cure the post-petition arrearage currently due to the Movant from December, 2019 through June, 2020 in the total amount of $4,469.85, which includes payments in the amount of $736.14 per month for the months of December, 2019 through June, 2020, a suspense balance in the amount of $364.13 and current bankruptcy legal fees and costs of $531.00 by making the following payments:

    a. $1,000.00 on or before June 30, 2020

    b. $745.00 on or before August 15, 2020

    c. $744.97 on or before September 15, 2020

    d. $744.97 on or before October 15, 2020

    e. $744.97 on or before November 15, 2020

    f. $744.97 on or before December 15, 2020

    g. $744.97 on or before January 15, 2021

3. In the event that any payment required by this order is not received by the Movant within 15 days after it is due, the Movant may mail a notice of default to the Debtor by first class mail, post prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, post prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

   a. That the debtor is in default in making at least one payment required under this order;
   b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
   c. The action necessary to cure the default, including any address to which payments must be mailed;
   d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default;
      i. Cure the default;
      ii. File an objection with the court stating that no default exists; or
      iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
   e. That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that is has complied with the terms of this order, and that the court may grant relief from the automatic stay without further notice to the debtor; and
   f. That if the automatic stay is terminated; the collateral may be sold at foreclosure.

If the Debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the Debtor or trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing

5. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are without prejudice and shall not constitute a waiver of any default.

6.     The automatic stay is modified to permit the Noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7.     Should relief be granted by the court, upon entry of the order granting relief from automatic stay of 11 U.S.C. §362, the Trustee will immediately cease making payments on the Movant's secured claim which were required by the plan. Any amended unsecured claim for a deficiency (which claim must include documents proving that it has liquidated its collateral and applied the proceeds of sale in accordance with the applicable state law) must be filed by the Movant within 120 days from the date on which the order lifting stay is entered, or such claim against the bankruptcy estate shall be forever barred.

**End of Order**

SEEN AND CONSENTED TO:

*/s/ Nadeem Tariq, Esq.*
Nadeem Tariq, Esq.
312 Marshall Ave, Suite 800
Laurel, MD 20707
VSB # 92556
301.490.1196
Attorney for Movant

| | |
|---|---|
| */s/ Donald M. Burks, Esq.* | (by Nadeem Tariq, Esq. with permission from Donald M. |
| Donald M. Burks | Burks based on FAX/email) |
| Don Burks P.C. | |
| 30 Crossing Ln | X */s/ Nadeem Tariq, Esq.* |
| Suite 205 | |
| Lexington, Virginia 24450 | |
| *Attorney for Debtor* | |

SEEN:

| | |
|---|---|
| */s/ Herbert L Beskin(82)* | |
| Herbert L Beskin(82) | (by Nadeem Tariq, Esq. with permission from |
| Chapter 13 Trusteeship | Herbert L Beskin(82) based on FAX/email) |
| 123 East Main St., Ste. 310 | |
| Charlottesville, Virginia 22902 | X */s/ Nadeem Tariq, Esq.* |
| *Trustee* | |

Local Rule 9022-1(C) Certification

The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

/s/  Nadeem Tariq, Esq.

Certification

I hereby certify that upon entry of the foregoing order copies will be mailed first class postage pre-paid to the following:

Melissa Sue Good
7703 East Timber Ridge Rd
Mount Crawford, Virginia  22841


Copies were sent electronically via the CM/ECF system to Donald M. Burks, Attorney for Debtor and Herbert L Beskin(82), Trustee.

/s/  Nadeem Tariq, Esq.